UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PINE ENVIRONMENTAL SERVICES, \*
LLC, \*
 \*
    Plaintiff, \*
 \*
v. \* Civil Action No. 14-cv-12830-IT
 \*
CHARLENE CARSON and PALMS \*
ENVIRONMENTAL AND SURVEY, LLC, \*
 \*
    Defendants. \*

MEMORANDUM & ORDER

August 20, 2014

TALWANI, D.J.

I.     Introduction

This case presents the issue of whether a laptop computer, previously used in interstate commerce, is a "protected computer" under the Computer Fraud and Abuse Act ("Act"), 18 U.S.C. § 1030, et seq., even when the laptop computer is not being used in interstate commerce. As set forth below, the court finds that such a laptop is not a "protected computer" under the Act, and that in the absence of this federal claim, the court lacks subject matter jurisdiction over Plaintiff's claims and Defendants' counterclaims.

II.     Background

Plaintiff Pine Environmental Services, LLC ("Pine"), a New Jersey company, provides rental environmental equipment to other businesses in the United States. 1st Am. Compl. ¶ 1 [#16] [hereainafter Am. Compl.]. On November 6, 2012, Defendant Charlene Carson ("Carson"), a Massachusetts resident, recommenced employment with Pine. Id. ¶¶ 3, 13. In June 2013, Pine provided Carson with a Pine-owned laptop (the "Laptop"). Id. ¶ 16. Pine

alleges that while employed at Pine, Carson used the Laptop to communicate and maintain information regarding numerous customers and/or customer locations with which Pine was engaged in interstate commerce. Id. ¶ 122.

Carson's last day of employment was February 19, 2014. Id. ¶¶ 23–24. After leaving Pine, Carson went to work for Palms Environmental and Survey, LLC ("Palms"), a Massachusetts company that is a competitor of Pine. See id. ¶¶ 4, 5, 26.

Carson did not return the Laptop to Pine on her last day of work. Id. ¶ 25. On the evening of April 17, 2014, Carson's roommate, Steven Ficociello, observed Carson in their shared apartment working on the Laptop. See id. ¶¶ 34–35. Ficociello left the room, and when he returned, Carson had left the Laptop behind with a note requesting that Ficociello return the Laptop to Pine. Id. ¶ 35. Ficociello did so, and subsequently, a Pine employee discovered that customer-related files had been accessed on Carson's computer on April 17, 2014. See id. ¶¶ 37–39.

Pine performed a forensic analysis of the Laptop and determined that at 10:12 p.m. on April 17, 2014, a software program called CCleaner was installed on the Laptop. See id. ¶¶ 44–45. CCleaner is designed to delete files, temporary files, event logs, Registry entries, internet browsing history, and cookies. Id. ¶ 45. CCleaner can clean out the Recycle Bin, Recent Docs, and other operating system files. Id. CCleaner revealed that it had been used on April 17, 2014 to destroy data and files, the internet browsing history, and event log entries on the Laptop. Id. ¶¶ 46, 48, 51.

On July 1, 2014, Pine filed its original complaint against Defendants and a motion for a preliminary injunction. The complaint alleged, inter alia, misappropriation of trade secrets, tortious interference with contractual and advantageous business relationships, breach of

contract, and a violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, et seq. Despite the federal claim, Pine listed diversity as the only the basis for subject matter jurisdiction. In response, Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). Pine then filed an amended complaint, citing both federal question and diversity jurisdiction. Defendants filed a second motion to dismiss the amended complaint under Rule 12(b)(1) and (b)(6). Palms also filed a counterclaim alleging abuse of process and seeking declaratory relief.

Presently at issue are Defendants' Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed.R.Civ.P. 12(b)(1) and (b)(6) [#20] and Pine's Motion for Preliminary Injunction [#2] and Motion to Strike Portion of Affidavit of Joseph Lundin [#35].

III. Discussion

Federal courts are courts of limited jurisdiction and hence have the duty to examine their own authority to preside over the cases assigned. "It is black-letter law that a federal court has an obligation to inquire sua sponte into its own subject matter jurisdiction." McCulloch v. Vélez, 364 F.3d 1, 5 (1st Cir. 2004) (citation omitted); see also Am. Fiber & Finishing, Inc. v. Tyco Healthcare Grp., LP, 362 F.3d 136, 138 (1st Cir. 2004); Bonas v. Town of North Smithfield, 265 F.3d 69, 73 (1st Cir. 2001) ("Federal courts are courts of limited jurisdiction, and therefore must be certain that they have explicit authority to decide a case." (citation omitted)). If jurisdiction is questioned, the party asserting it has the burden of establishing that subject matter jurisdiction exists. E.g., Gibbs v. Buck, 307 U.S. 66, 72 (1939); McCulloch, 364 F.3d at 6.

A. *Diversity Jurisdiction*

Diversity jurisdiction exists if a case is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. The party asserting jurisdiction

must allege "with sufficient particularity facts indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount." Dep't of Recreation & Sports of P.R. v. World Boxing Ass'n, 942 F.2d 84 (1st Cir. 1991) (citing Gibbs, 307 U.S. at 72). If the opposing party questions the amount in controversy, the plaintiff may meet this burden by amending the pleadings or by submitting affidavits. Abdel-Aleem v. OPK Biotech LLC, 665 F.3d 38, 42 (1st Cir. 2012) (citing Dep't of Recreation & Sports, 942 F.2d at 88).

Here, the requirement of diverse citizenship is met: Pine is a New Jersey company, and Defendants are Massachusetts residents. The amount in controversy requirement, however, is not met. In their Rule 12(b)(1) motion to dismiss the original complaint, Defendants argued that Pine had failed to demonstrate that the amount in controversy was met . See Defs.' Fed.R.Civ.P. Rule 12(b)(1) Mot. Dismiss Lack Jurisdiction [#13]. Pine was thus on notice that it "needed to show some basis for the amount of damages" it claimed. Abdel-Aleem, 665 F.3d at 42. But with regard to the amount in controversy, the amended complaint states only: "the amount in controversy exceeds $75,000." Am. Compl. ¶ 6. Nowhere else in the amended complaint does Pine mention any specific financial loss or harm caused by either Carson or Palms.

In its opposition to Defendants' challenge to diversity jurisdiction, Pine argues that the amount in controversy exceeds $75,000 because "Pine brings claims under both M.G.L. c. 93A [against Palms] and the New Jersey Trade Secrets Act [against Carson], each of which provides for multiple damages and attorneys' fees awards." Pl.'s Opp'n Defs.' Mot. Dismiss Pl.'s 1st Am. Compl., 2 n.1 [#27]. Even if this court must, as Pine argues, apply a damages multiplier in evaluating an amount in controversy, see Lucas v. Ultima Framingham LLC, 973 F. Supp. 2d 98, 101–02 (D. Mass. 2013) (citing Rosen v. Chrysler Corp., 205 F.3d 918, 922 (6th Cir. 2000); Chabner v. United of Omaha Life Ins. Co., 225 F.3d 1042, 1046 (9th Cir. 2000); Miera v.

4

Dairyland Ins. Co., 143 F.3d 1337, 1340 (10th Cir. 1998)), Pine still has not alleged any base amount in controversy, let alone an amount in controversy stated with sufficient particularity, to which this court could apply a damages multiplier.

Because Pine has not properly alleged an amount in controversy exceeding the jurisdictional amount of $75,000, this court lacks diversity jurisdiction over this matter. Accordingly, this court may exercise jurisdiction only if federal question jurisdiction exists.

B. *Federal Question Jurisdiction*

A district court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Pine's only claim that arises under federal law is Count 8, a claim for an alleged violation of the Computer Fraud and Abuse Act (the "Act"). 18 U.S.C. § 1030, et seq.

Section 1030 provides, in part, for criminal penalties for:

(a) Whoever--
. . .
(4) knowingly and with intent to defraud, accesses a protected computer without authorization, or exceeds authorized access, and by means of such conduct furthers the intended fraud and obtains anything of value, unless the object of the fraud and the thing obtained consists only of the use of the computer and the value of the use is not more than $5,000 in any 1-year period; [or]

(5)(A) knowingly causes the transmission of a program, information, code, or command, and as a result of such conduct, intentionally causes damage without authorization, to a protected computer; [or]
. . .
(C) intentionally accesses a protected computer without authorization, and as a result of such conduct, causes damage and loss . . .

Id. § 1030(a). Section 1030 provides further for a private right of action where such criminal conduct results in a loss of at least $5000. Id. § 1030(g).

The statute defines a "protected computer" as a computer:

(A) exclusively for the use of a financial institution or the United States Government, or,

in the case of a computer not exclusively for such use, used by or for a financial institution or the United States Government and the conduct constituting the offense affects that use by or for the financial institution or the Government; or

(B) which is used in or affecting interstate or foreign commerce or communication, including a computer located outside the United States that is used in a manner that affects interstate or foreign commerce or communication of the United States.

Id. § 1030(e)(2)(A)–(B).

Pine asserts that the Laptop is a protected computer because Pine is "engaged in the business of providing rental equipment to other businesses throughout the country," Pine's principal place of business is in a different state from the state in which Carson lived and worked, and the computer "*was* used in interstate commerce and communication, including for communicating and maintaining information regarding numerous customers and/or customer locations with which Pine was engaged in interstate commerce." Am. Compl. ¶¶ 2–3, 122 (emphasis added). The Act requires, however, that a computer, to be protected, "*is* used in" interstate commerce. 18 U.S.C. § 1030(e)(2)(B) (emphasis added). Here, during the period that the Laptop was being used in interstate commerce, Carson's access was authorized. And at the time of her unauthorized use of the Laptop, the Laptop was not being used in interstate commerce. Indeed, as Pine conceded at the hearing on the pending motions, there is no allegation here that Carson used the Laptop to access Pine's network or server after her employment was terminated.

A Senate Report on the Act explains that:

Throughout its consideration of computer crime, the Committee has been especially concerned about the appropriate scope of Federal jurisdiction in this area. It has been suggested that, because some States lack comprehensive computer crime statutes of their own, the Congress should enact as sweeping a Federal statute as possible so that no computer crime is potentially uncovered. The Committee rejects this approach and prefers instead to limit Federal jurisdiction over computer crime to those cases in which there is a compelling Federal interest, i.e., where computers of the Federal Government or certain financial institutions are involved, or where the crime itself is interstate in

6

nature. The Committee is convinced that this approach strikes the appropriate balance between the Federal Government's interest in computer crime and the interests and abilities of the States to proscribe and punish such offenses.

S. Rep. 99-432, 4, 1986 U.S.C.C.A.N. 2479, 2482. Here, the fact that the Laptop was formerly used in interstate commerce does not make the later deletion of files from that Laptop a crime that is "interstate" in nature. Instead, such actions are appropriately addressed under state law.

Because the Laptop is not a "protected computer" under the Act, this court lacks subject matter jurisdiction over the amended complaint. Pine's remaining claims, as well as Carson and Palms' counterclaims, arise exclusively under state law. See Am. Compl. at 11–20, 23–25; Defs.' Answer 1st Am. Compl., Affirmative Defenses & Counter-Claims, 11–12 [#28]. Accordingly, this court lacks subject matter jurisdiction over this action.

IV. Conclusion

Because this court lacks subject matter jurisdiction, Defendants' Motion to Dismiss [#20] is ALLOWED and Pine's Motion for Preliminary Injunction [#2] and Motion to Strike [#35] are DENIED AS MOOT.

IT IS SO ORDERED.

Date: August 20, 2014 /s/ Indira Talwani
United States District Judge